**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv-02026-RM-MJW

TODD BORANDI, individually,

    Plaintiff/Counter-Defendant,

v.

ALLIANCE FOR SUSTAINABLE ENERGY, LLC,
a Colorado Corporation,

    Defendant/Counter-Plaintiff.

___

**ORDER**
___

    This matter is before the Court on the parties' responses to the Court's order to show cause as to whether the Court has diversity jurisdiction. (ECF Nos. 41; 42; 43.)

    For the following reasons, the Court does not have diversity jurisdiction and declines to exercise supplemental jurisdiction over the remaining state-law claims, and therefore, dismisses the remaining claims without prejudice.

**I.    BACKGROUND**

    Plaintiff/Counter-Defendant Todd Borandi ("Borandi" or "Plaintiff") brings suit against Defendant/Counter-Plaintiff Alliance for Sustainable Energy, LLC ("Alliance" or "Defendant") for allegedly violating (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2(a)(1) by discriminatorily discharging him on the basis of his gender (ECF No. 1 ¶¶ 31-37) and (2) Colorado public policy by discharging him because he engaged in protected conduct when he objected to his employer's alleged unlawful use of federal funds (ECF No. 1 ¶¶

38-42). Plaintiff alleges that the Court has jurisdiction over his claims "pursuant to 28 U.S.C. § 1331 and 1367." (ECF No. 1 ¶ 2.) Plaintiff alleges that he is an "individual residing in the State of Colorado." (ECF No. 1 ¶ 5.) Plaintiff alleges that Defendant "is a Colorado Corporation" located in Colorado. (ECF No. 1 ¶ 6.) Plaintiff makes no allegation as to the amount due to him as a result of Defendant's alleged actions; rather, Plaintiff "prays for judgment" in his favor "in an amount to be proven at trial." (ECF No. 1 at 12.)

Defendant counterclaimed against Plaintiff for alleged (1) breach of contract (ECF No. 10, Countercl. ¶¶ 12-19) and (2) quantum meruit (ECF No. 10, Countercl. ¶¶ 20-28). Defendant alleges that it is "a Delaware Corporation." (ECF No. 10, Countercl. ¶ 1.) Defendant alleges that Plaintiff breached a contract in "the amount of $17,263.40." (ECF No. 10, Countercl. ¶¶ 12-19.) Defendant alleges, under its quantum meruit theory, that Plaintiff owes Defendant "approximately $17,263.40." (ECF No. 10, Countercl. ¶¶ 20-28.)

As detailed in this Court's prior order, Defendant moved for summary judgment on Plaintiff's federal Title VII claim, Plaintiff's state-law wrongful discharge in violation of Colorado public policy claim and its state-law counterclaims. (*See* ECF No. 40.) The Court granted judgment in Defendant's favor on Plaintiff's federal Title VII claim. (ECF No. 40 at 13-21, 30.) The Court denied judgment in Defendant's favor on Plaintiff's state-law wrongful discharge in violation of Colorado public policy claim and Defendant's state-law counterclaims. (ECF No. 40 at 21-30.)

The matter is currently set for trial in July 2015 on the parties' remaining state-law claims. (*See* ECF No. 36.)

Subsequent to the Court's order on Defendant's summary judgment motion (ECF No. 25), the Court, *sua sponte*, ordered the parties to show cause as to whether the Court has

diversity jurisdiction. (ECF No. 41.) Both parties filed a response to the Court's order to show cause. (ECF Nos. 42; 43.) The parties argue, albeit for different reasons, that the Court has subject-matter jurisdiction based upon the parties' diversity of citizenship[1]. (*See* ECF Nos. 42; 43.)

## II. LEGAL STANDARDS AND ANALYSIS

### A. Diversity Jurisdiction

A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001); *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

In this matter, the sole basis for federal jurisdiction is that one of Plaintiff's claims arose pursuant to federal law, and thus, jurisdiction was appropriate pursuant to 28 U.S.C. § 1331. (ECF No. 38 at 2.) The Court has granted judgment in Defendant's favor on Plaintiff's federal claim. (ECF No. 40 at 13-21, 30.) The remaining state-law claims are subject to the Court's exercising supplemental jurisdiction which is discretionary. *See* 28 U.S.C. § 1367(c). Therefore, the Court allowed the parties to show cause as to "whether the Court has diversity jurisdiction" in an attempt to salvage the litigation absent the Court's exercising its discretionary authority. (ECF No. 41 at 4.) The Court's order was not limited only to ascertaining the parties' respective citizenships. (ECF No. 41 at 4.) Unfortunately, the resulting briefs focused only on the parties' respective citizenships *and not also on the amount in controversy*. (ECF Nos. 42; 43.)

---

[1] Prior to the parties' respective responses to the show cause order, neither party raised an allegation that the Court has diversity jurisdiction. (*See generally* Dkt.)

3

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

The Final Pretrial Order contains the following, in pertinent part, statement: the Court's jurisdiction is "invoked pursuant to 28 U.S.C. § 1331 and 1367." (ECF No. 38 at 2.) The Supplemental Final Pretrial Order contains the parties' following, in pertinent part, stipulations:

(1)  "Plaintiff is an individual residing in Colorado." (ECF No. 39 ¶ 1.)

(2)  Defendant "is a Colorado corporation." (ECF No. 39 ¶ 2.)

The Court gave the parties an opportunity to establish diversity jurisdiction. The parties fail in this endeavor. For the below-stated reasons, the Court does not have diversity jurisdiction.

### 1. Plaintiff's Attempt to Establish Diversity Jurisdiction

Plaintiff, in response to the show cause order, argues that because Defendant is a "Delaware Limited Liability Company and is not, based on appearance, considered an unincorporated association, this Court is not required to examine and determine the citizenship of all members of Defendant company." (ECF No. 42 at 3.) This is not the law within the Tenth Circuit Court of Appeals which holds that "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citations omitted). Plaintiff's citizenship representations—disregarding the parties' prior stipulation (ECF No. 39 ¶ 2) which controls the course of litigation, Fed. R. Civ. P. 16(d); *see Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1220 (10th Cir. 2000)—are inadequate or legally incorrect.

Further, Plaintiff makes no allegation as to the amount due to him as a result of Defendant's alleged actions; rather, Plaintiff "prays for judgment" in his favor "in an amount to

be proven at trial." (ECF No. 1 at 12.) "An open-ended prayer for recovery, however, is not an allegation that diversity jurisdiction exists or that the amount in controversy exceeds" the statutory minimum[2]. *Adams v. Reliance Std. Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) (citations omitted). Plaintiff's Complaint (ECF No. 1) does not contain sufficient allegations to establish the Court's subject-matter jurisdiction based upon diversity jurisdiction. Without regard to the parties' respective citizenships, Plaintiff has not alleged that the amount in controversy exceeds $75,000, (*see generally* ECF No. 1), as required to establish diversity jurisdiction, *see Penteco Corp. Ltd. P'ship.–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (recognizing that allegations of diversity jurisdiction must generally be pleaded affirmatively to demonstrate federal jurisdiction under § 1332) ("*Penteco*"). Plaintiff's response to the show cause order contains no argument that the amount in controversy exceeds $75,000. (*See generally* ECF No. 42.)

### 2. Defendant's Attempt to Establish Diversity Jurisdiction

Defendant—also disregarding the parties' prior stipulation (ECF No. 39 ¶ 2) which controls the course of litigation, Fed. R. Civ. P. 16(d); *see Koch*, 203 F.3d at 1220—in response to the show cause order, argues that it is a "Limited Liability Company which was formed, and is domiciled in Delaware" (ECF No. 43 at 2). Further, Defendant argues that Defendant is composed of two members, "Battelle Memorial Institute ('Battelle') and Midwest Research Institute ('MRI Global')." (ECF No. 43 at 2.) Defendant further argues that "Battelle is a 501(c)(3) corporation, domiciled in Ohio." (ECF No. 43 at 2.) Defendant further argues that "MRI Global is a 501(c)(3) corporation, domiciled in Missouri." (ECF No. 43 at 2.)

---

[2] Pursuant to the 1996 Amendment to Section 1332, the amount in controversy requirement at issue has been changed subsequent to the filing of the complaint at issue in *Adams v. Reliance Std. Life Ins. Co.,* 225 F.3d 1179, 1182 (10th Cir. 2000).

Defendant's counterclaim (ECF No. 10, Countercl. ¶¶ 1-28) and response to the Court's show cause order (ECF No. 43) do not contain sufficient allegations to establish the Court's subject-matter jurisdiction based upon diversity jurisdiction.  With respect to Defendant's argument regarding Battelle's and MRI Global's respective domiciles (ECF No. 43 at 2): domicile is not equivalent to citizenship.  "Corporate domicile" refers to "[t]he place considered by law as the center of corporate affairs, where the corporation's functions are discharged; the legal home of a corporation, usually its state of incorporation *or* the state in which it maintains its principal place of business."  Black's Law Dictionary 593 (10th ed. 2009) (emphasis added); *see Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) (holding that "a corporation does not have a domicile; rather, its citizenship for diversity purposes is determined by its place of incorporation and its principal place of business").  Defendant cites to Battelle's website (ECF No. 43 at 2) which indicates that Battelle's headquarters are in Ohio. http://battelle.org/about-us/office-locations (last visited May 20, 2015).  Battelle's website does not indicate its state of incorporation.  *See generally id*.  Defendant's failure to indicate *both* Battelle's principal place of business and state of incorporation on which a corporation's citizenship is determined, *see* 28 U.S.C. § 1332(c)(1), precludes the Court from finding that diversity of citizenship exists because a corporation may have dual citizenship for purposes of diversity jurisdiction.  Defendant cites to MRI Global's website (ECF No. 43 at 2) which indicates that MRI Global's headquarters are in Missouri.  http://www.mriglobal.org/about-us (last visited May 20, 2015).  MRI Global's website does not indicate its state of incorporation. *See generally id*.  Defendant's failure to indicate *both* MRI Global's principal place of business and state of incorporation on which a corporation's citizenship is determined, *see* 28 U.S.C. §

1332(c)(1), precludes the Court from finding that diversity of citizenship exists because a corporation may have dual citizenship for purposes of diversity jurisdiction.

Additionally, the amount in controversy with respect to Defendant's counterclaims, in total and under an extraordinarily liberal interpretation, is no more than $34,526.80[3]. (ECF No. 10, Countercl. ¶¶ 12-28). Defendant's counterclaims do not show that the amount in controversy exceeds $75,000 as required to establish diversity jurisdiction. *See Penteco*, 929 F.2d at 1521 (recognizing that allegations of diversity must generally be pleaded affirmatively to demonstrate federal jurisdiction under § 1332). Defendant's response to the show cause order contains no argument that the amount in controversy exceeds $75,000. (*See generally* ECF No. 43.)

### B. Supplemental Jurisdiction

The Tenth Circuit classifies supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *Barlow v. C.R. Eng., Inc.*, 703 F.3d 497, 511 (10th Cir. 2012); *see also Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (holding that a district court did not abuse its discretion by declining to exercise supplemental jurisdiction over state-law claims when the court had granted summary judgment in a defendant's favor on a plaintiff's federal claims); *see Merrifield v. Bd. of Cnty. Comm'rs for the Cnty. of Santa Fe*, 654 F.3d 1073, 1085 (10th Cir. 2011). The Tenth Circuit has "generally held that '[i]f federal claims

---

[3] The Court notes that "Colorado law permits a party to advance multiple theories of recovery, even if the party will not be permitted to recover under each of those theories." *Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 860 (Colo. App. 2007) (citations omitted). Defendant's counterclaims, however, are not pled in the alternative. (*See* ECF No. 10.) Thus, while unrealistic as a potential recovery, the Court doubles the $17,263.40 which lies at the heart of the contract and quantum meruit claims.

are dismissed before trial, leaving only issues of state law, the federal court should decline to the exercise of jurisdiction by dismissing the case without prejudice.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (quoting *Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997)). "Notions of comity and federalism demand that state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, the remaining claims pertain to the definition of Colorado public policy and the definition of cause in relation to a contract. (ECF No. 40 at 21-30.) These are matters of state importance that should be decided in a Colorado court. Because the Court has granted judgment in Defendant's favor with respect to Plaintiff's federal claim over which the Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim (a claim for wrongful discharge in violation of Colorado public policy) as well as Defendant's state-law counterclaims (claims for breach of contract and quantum meruit). 28 U.S.C. § 1367(c)(3); *see Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). The Court dismisses the remaining state-law claims.

Plaintiff and Defendant may choose to refile their state-law claims in state court pursuant to 28 U.S.C. § 1367(d) and Colo. Rev. Stat. § 13-80-111. *Brooks*, 614 F.3d at 1230 (holding that "Colorado law recognizes 'if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction [over the state claims], the plaintiff may refile those claims in state court'") (alterations in original) (quoting *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834 (Colo. App. 1996)).

**III.   CONCLUSION**

Based on the foregoing, the Court:

(1)     DISMISSES WITHOUT PREJUDICE Plaintiff's unlawful discharge in violation of Colorado public policy claim (ECF No. 1 ¶¶ 38-42);

(2)     DISMISSES WITHOUT PREJUDICE Defendant's counter-claim for breach of contract (ECF No. 10, Countercl. ¶¶ 12-19);

(3)     DISMISSES WITHOUT PREJUDICE Defendant's counter-claim for quantum meruit (ECF No. 10, Countercl. ¶¶ 20-28); and

(4)     DIRECTS the Clerk of the Court to enter JUDGMENT in Defendant's favor and against Plaintiff on Plaintiff's Title VII discrimination claim (ECF No. 1 ¶¶ 31-37).

DATED this 21st day of May, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge