IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02026-RM-MJW

TODD BORANDI, individually,

    Plaintiff,

v.

ALLIANCE FOR SUSTAINABLE ENERGY, LLC, a Colorado Corporation,

    Defendant,

ALLIANCE FOR SUSTAINABLE ENERGY, LLC, a Colorado Corporation,

    Counter - Plaintiff,

v.

TODD BORANDI,

    Counter - Defendant.

**ORDER REGARDING
PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S JULY 1, 2015, TAXATION OF COSTS (DOCKET NO. 51)**

Entered by U.S. Magistrate Judge Michael J. Watanabe

    This matter is before the court on Plaintiff's Motion for Review of Clerk's July 1, 2015, Taxation of Costs (docket no. 51). No response was filed by Defendant. The court has carefully reviewed the subject motion (docket no. 51) and has taken judicial notice of the Clerk's file, in particular the Declaration of Aaron Schneider in Support of Alliance's Amended Proposed Bill of Costs (docket no. 49) and the Amended Bill of Costs (docket no. 50). Lastly, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following

2

findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in the subject motion (docket no. 51), the plaintiff contends that the costs taxed by the Clerk of Court (docket no. 50) in the amount of $12,564.00 for PT-100 and PT-110 billing codes should not be awarded to defendant. In support of this argument, plaintiff argues: **(1)** that the Declaration of Schneider (docket no. 49) cannot support the PT-100 and PT-110 costs claimed because defendant does not provide sufficient specific foundational facts in the Declaration. Instead, plaintiff argues that the Declaration is vague and conclusory and does not support that these costs were reasonable; **(2)** that the PT-100 and PT-110 billing codes are used to pay for the law firm's investment in computer systems and are not taxable since taxable e-discovery costs are generally limited to the cost of initially uploading data and converting native files to other formats, such as TIFF and PDF. See Nero v. Am. Family Ins.

3

<u>Co.</u>, 2013 WL 5322362 (D. Colo. Sept. 23, 2013); **(3)** that the Declaration does not explain why there is such a drastic discrepancy between the amount of data under code PT-100 versus code PT-110; and (4) that the billing codes for PT-100 and PT-110 are fundamentally unreliable because they are based on outdated cost surveys during the fourth quarter of 2013, and the actual work done under those codes was in March-September 2014;

5. That, in pertinent part Edward Butler, Legal Officer for the United States District Court for the District of Colorado, determined that the disputed $12,798.70 was recoverable as costs for "fees for exemplification and copying." Furthermore, Mr. Butler stated in his award of costs (docket no. 50) the following as his legal basis for awarding the amount of $12,798.70 for fees for exemplification and copying:

> **The Clerk awards e-discovery costs for <u>extraction</u> of data, not storage. Extraction equates to Loading and Converting data; the electronic equivalent of § 1920(4)'s allowance of costs recovery for <u>copying</u> of <u>materials</u>. See <u>Race Tires v. Hoosier</u>, 674 F.3d 158 (3rd Cir. 2012) and <u>Nero v. Amer. Fam. Mut. Ins.</u>, 2013 WL 5323262 (D. Colo 2013)."**

4

See docket no. 50 at page 3;

6. That Mr. Butler also awarded document reproduction costs of $76.00 and $131.30 per Crandall v. City and County, 594 F. Supp. 2d 1245 (D. Colo. 2009), as Response to FRCP [sic] 34 request. See docket no. 50 at page 2; and

7. That Mr. Butler did not err in awarding the disputed amount of $12,798.70 for fees for exemplification and copying and the law. The Race Tires case, Nero case, and Comprehensive Addiction Treatment Center v. Leslea, 2015 WL 638198, at *2 (D.Colo. Feb. 13, 2015), all support his decision to award the disputed amount of $12,798.70.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS** that Plaintiff's Motion for Review of Clerk's July 1, 2015, Taxation of Costs (docket no. 51) is **DENIED**

Done this 4th day of August 2015.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE